No. 1171.

R. M. BLAKEMORE VS. J. C. BLAKEMORE.

In case a partition cannot be effected in kind without serious inconvenience to one of the coproprietors of the property held in indivision, it must be sold at public auction in order that the partition be effected by licitation.

A PPEAL from the Sixth District Court, Parish of Morehouse. Ellis, J.

Newton & Cason and J. P. Madison, for Plaintiff and Appellee:

R. B. Todd, Jr., and D. Todd and Bussey & Naff for Defendant and Appellant

The opinion of the Court was delivered by

WATKINS, J. This is a suit for the partition between two joint owners of two tracts of improved real estate, known as the Barton and Buatt plantations.

The plaintiff demands that the partition be made in kind; but the defendant denies the practicability of a partition in kind, and insists that same cannot be so made without great inconvenience to the proprietors, a depreciation in the value of the properties, and a cantling of tenements—and he demands that a partition be made by licitation.

The only question to be determined is whether the partition shall be effected by a division in kind, or by licitation.

I.

The defendant's counsel make complaint of certain alleged irregularities in the proceedings that occurred in the lower court, and of the celerity with which they were conducted; and, among other things, our attention has been attracted to the fact that the experts appointed by the court at the suggestion of the parties, for the purpose of making an examination of the properties, and determining whether a division could be made in kind, did not make such an examination and report, but proceeded to make a division thereof instead.

When one of those gentlemen was interrogated as a witness he stated that he did not understand the purpose for which he was appointed, and was of the opinion that a partition could not be made in kind without causing great inconvenience and injury to the proprietors.

The gentleman appointed for the purpose of acting as umpire made a similar statement. Hence, the defendant's counsel contend that if a correct examination and report had been made, in pursuance of the order of the court, it would have been adverse to the pretensions of

the plaintiff.　The one filed was opposed by the defendant, and the case was fixed for trial.　Both parties appeared with their witnesses, and during the progress of the trial each was allowed the fullest opportunity of being heard on the *vital* question in the case.

While it is true that the proceedings antecedent to trial and judgment were irregular, and might have vitiated the decree, yet, inasmuch as the defendant has condoned the fault, if fault there was, and has participated in the trial on the merits, we are of the opinion that no injustice will be done him by examining and deciding the cause on its merits.

II.

The record shows that the Barton place is situated in Morehouse parish, on the road leading from Oak Ridge to Eason's ferry, on Bayou Bartholomew, and contains about seven hundred acres, of which about three hundred are in a fair state of cultivation.

On this place there are a good dwelling-house, corn-crib, steam-gin and mill, and about fifteen cabins for the use of laborers.

The above-mentioned road runs through the cultivable portion of the land centrally, or very nearly so, dividing some into two fields of nearly equal size and proportion.　The dwelling, steam-gin, corn-crib and nine laborers' cabins are situated upon a small area of about five acres, and same are in a good state of repair.　The other six are situated upon a different portion of the plantation, and same are not in good condition.　All of these improvements except six cabins are on the northern portion.

This plantation and improvements are estimated to be worth $8000 or $10,000.　The plaintiff insists—and the proof shows—that all of the improvements are worth about $750 only.　The open land on this plantation is in shape a parallelogram, the length of which is double that of its breadth, and extends north and south.　.

The Buatt place is situated six miles distant from the Barton plantation, and only contains one hundred and sixty acres, of which one hundred and twenty are in cultivation.

This place has a horse-power gin and six laborers' cabins; and the gin and three cabins are on one part of the land, and three cabins are on the other part of the land.

It is estimated to be worth about $2500.

Several witnesses were introduced on either side, but a fair preponderance of the evidence establishes that a partition in kind cannot be effected of the properties in controversy, without loss or inconvenience resulting to one of the co-proprietors.　The Code declares that a par-

tition in kind cannot be made where a diminution in value, or loss or inconvenience would result to one of the owners. R. C. C. 1340.

This question was well considered and decided by this court in Meyers vs. Pargoud, 34 Ann. 969, in which the court says:

"A division in kind should give to each proprietor a smaller plantation, if not complete, with at least a share of the open land, woodland, buildings, etc., if not equal, approximating equality."

In that case the court held that a partition in kind was impracticable, and could not be made in conformity with the views expressed.

If in that case a partition in kind would have been inconvenient and injurious, situated as the Pargoud place was, we feel the better assured that the two plantations in controversy could not be divided in kind without one of the co-proprietors sustaining loss or inconvenience.

The fact that the plantation improvements on the properties in dispute, are of small value, and some of them are not in good repair, cannot exercise any control over its division. They seemed to have been satisfactory to the co-proprietors, and must be viewed as we find them.

We are of the opinion that the judgment of the lower court is erroneous.

It is. therefore, ordered, adjudged and decreed, that the judgment appealed from be avoided, annulled and reversed, and proceeding to render such decree as should have been rendered.

It is ordered, adjudged and decreed, that plaintiffs and appellee's demand for a partition in kind be rejected, and that defendant's demand for a partition by licitation be sustained.

It is further ordered, adjudged and decreed, that the two plantations and all their appurtenances and improvements, held in indivision by the plaintiff and the defendant as co-proprietors, "be sold at public auction, after the time of notice and advertisement prescribed by law," and in the manner prescribed by law for sheriffs' sales under execution; and it is further ordered, adjudged and decreed, that the cost of appeal be taxed against the plaintiff and appellee, and that all other costs be prorated between the parties equally.